UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | 2:08-mj-00678-RJJ-RJJ |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| MATTHEW NASH, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court for a hearing on Defendant's Motion to Dismiss (#15). The Court has considered Defendant's Motion (#15) and the Government's Opposition (#16). At the conclusion of the hearing, the Court ordered the parties to submit supplemental briefing. Defendant, Matthew Nash, submitted Supplemental Points and Authorities To Motion to Dismiss (#18). The Government submitted its supplemental Response (#22) thereafter.

## BACKGROUND

The United States filed a four-count complaint against Defendant, Matthew Nash. The counts included (1) trespassing in violation of 43 C.F.R. § 9239.0-7; (2) failure to comply with a closure order in violation of 43 C.F.R. § 8364.1(d); (3) expired motor vehicle registration in violation of 43 C.F.R. § 8365.1-7(a) and Nevada Revised Statute 482.545; and (4) unsafe operation of a motor vehicle in violation of 18 U.S.C. § 13, 43 C.F.R. § 8365.1-6, and 58 Fed. Reg. 29628, 2.1(a).[1]

Nash's Initial Appearance was scheduled for December 16, 2008. However, Nash was not served with a summons and, consequently, did not appear. At the Government's request, the Court

---

[1] The Government submitted a proposed order prior to the hearing dismissing count three in the complaint- expired registration - due to an error by the Nevada State Department of Motor Vehicles. *See* (#17).

1 re-issued the summons and granted a continuance of the Initial Appearance to January 27, 2009. *See*
2 (#5).
3        On January 17, 2009, the Government served Nash with a summons to appear for his
4 continued Initial Appearance. *See* (#12). During the proceeding, he was appointed counsel and
5 pleaded not guilty to all counts. *See* (#10). The Government did not seek detention and Nash was
6 released on a personal recognizance bond. A bench trial was set for February 25, 2009.
7        On February 20, 2009, the parties filed a stipulation to continue the scheduled trial to allow
8 defense counsel additional time to conduct an investigation. *See* (#13). The parties agreed that the
9 additional time requested was excludable for purposes of the Speedy Trial Act. On February 24,
10 2009, the court granted the stipulation and the trial date was continued to April 22, 2009. *See* (#14).
11        On March 19, 2009, Nash filed the instant motion claiming that the Government's failure
12 to file an information or indictment within thirty days from the date he was served with the summons
13 violated the Speedy Trial Act. Consequently, Nash asserts that the case should be dismissed. He
14 further claims that the dismissal should be with prejudice.
15        In response, the Government concedes "a technical statutory violation" of the Speedy Trial
16 Act occurred requiring dismissal of the complaint. However, the Government argues that the
17 dismissal should be without prejudice because (1) the allegations in the complaint are serious, (2)
18 the length of delay has been relatively minor, (3) there is no evidence of bad faith on the part of the
19 prosecution, and (4) permitting reprosecution will further society's interest in the administration of
20 justice.
21        On April 22, 2009, the court held a hearing on Defendant's Motion to Dismiss. *See* (#19).
22 The court dismissed all remaining charges but requested supplemental briefing from the parties
23 addressing whether the dismissal should be with or without prejudice. The court advised Nash that
24 the charges against him were dismissed and that the only remaining issue was whether the dismissal
25 would be with or without prejudice. (#19).

## DISCUSSION

27        The Speedy Trial Act provides that "[a]ny information or indictment charging an individual
28 with the commission of an offense shall be filed within thirty days from the due date on which such

individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Here, the complaint contains allegations of Class A misdemeanors. The term 'offense' in section 3161(b) includes Class A misdemeanors. *See United States v. Boyd*, 214 F.3d 1052, 1055 (9th Cir. 2000).[2] The Government concedes that, pursuant to 18 U.S.C. § 3161(b), it was required to file an information or indictment within thirty days from the date Defendant was served with a summons in connection with the charges in this matter. The Government did not comply with this requirement. The Government further concedes that, pursuant to 18 U.S.C. § 3162(a)(1), its failure requires dismissal of the complaint.[3] Accordingly, the court dismissed the charges. *See* 18 U.S.C. § 3162(a)(1); *see also United States v. Pollock*, 726 F.2d 1456, 1462 (9th Cir. 1984) (sanction of dismissal of complaint is mandatory when the government fails to indict within the specified period). The only remaining issue is whether dismissal should be with or without prejudice.

In determining whether to dismiss with or without prejudice, the court must consider three factors: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1). "The choice of whether to dismiss with or without prejudice depends on a careful application of the statutorily enumerated factors to the particular case; there is no presumption in favor of either sanction." *United States v. Clymer*, 25 F.3d 824, 831 (9th Cir. 1994) (citation omitted).

**1. Seriousness Of The Offense**

The charges here are Class A misdemeanors which constitute some of the least serious offenses prosecuted in federal court. *See cf.*, *United States v. Rodriquez-Gutierrez*, 2007 WL 1520951 *2 (N.D. Cal.). Further, Class A misdemeanors are the least serious category of criminal

---

[2] As used in the Speedy Trial Act "the term 'offense' means any Federal criminal offense which is in violation of any Act of Congress and is triable by a court established by Act of Congress (other than a Class B or C misdemeanor or an infraction, or an offense triable by court-martial, military commission, provost court, or other military tribunal)." 18 U.S.C. § 3172(2).

[3] 18 U.S.C. § 3162(a)(1) provides in pertinent part, "[i]f, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped."

- 3 -

activity to which the Speedy Trial Act applies. Despite the fact that the charges constitute misdemeanors, the Government urges the court to find that the charges in this case are serious because Nash faces the potential of large monetary fines.[4] The potential imposition of a large monetary fine does not make the misdemeanor charges any more serious than the fact that Nash may potentially be found not guilty or required to pay substantially less than the sought after fine. The charges in this matter are not serious–regardless of the potential monetary fine. The non-serious nature of the charges weighs heavily in favor of dismissal with prejudice.

**2. Facts And Circumstances Leading To Dismissal**

It appears that the Government's failure in this case is born of unwitting negligence rather than purposeful disregard. The length of delay in this case has been minor.[5] There is no evidence Nash will suffer any prejudice, outside of anxiety and frustration which is attendant in any criminal prosecution, as a result of the delay.[6] Nash is not in custody and the delay has not resulted in the mandated trial date being missed. Additionally, it does not appear the Government has acted in bad faith or with antipathy toward Nash. Thus, on balance, although the court is mindful of the anxiety and frustration the Government's failure may have caused Nash, the facts and circumstances leading to dismissal in this case weigh in favor of dismissal without prejudice.

**3. The Impact Of Reprosecution On The Speedy Trial Act And The Administration Of Justice**

Nash argues that permitting reprosecution in this case would not serve the Speedy Trial Act or the administration of justice. Nash provided a number of prior cases from this District which he claims demonstrate that the United States Attorney's Office consistently fails to follow the mandate

---

[4] The Government is not seeking any jail time.

[5] The Government argues that the minimum computation of delay is four (4) days based on when the stipulation was filed. However, the stipulation was approved by the Court four days after it was filed. Accordingly, the actual minimum computation of delay is eight (8) days.

[6] The Government urges the court to permit reprosecution because the Defendant has not been prejudiced by the Speedy Trial Act violation. The absence of prejudice is not dispositive on the issue of dismissal with or without prejudice. *United States v. Taylor*, 487 U.S. 326, 341 (1988).

of the Speedy Trial Act for Class A misdemeanors.[7] Nash argues that it is only by preventing re-prosecution that the courts can remedy this "culture of poor compliance" and expect a change in how these cases are prioritized and handled. In reply, the Government argues that the desire to send a message to the government, standing alone, is insufficient to support dismissal with prejudice and that the cases and testimony provided by Nash do not demonstrate a "culture of noncompliance."

The Government is correct that the desire to send a strong message is insufficient, standing alone, to bar reprosecution. *See Taylor*, 487 U.S. at 343 ("[i]f the greater deterrent effect of barring reprosecution could alone support a decision to dismiss with prejudice, the consideration of the other factors ... would be superfluous, and all violations would warrant barring prosecution."). However, in this instance the non-serious nature of the charges combined with the disturbing trend of failing to comply with the Speedy Trial Act in these types of cases leads the court to the conclusion that a strong message is warranted.

Nash has attached a number of cases dealing with Class A misdemeanors where the charges were dismissed for failing to comply with Speedy Trial Act. Nash has also attached an affidavit from the Federal Public Defender stating that the attached cases are not representative, in absolute terms, of the number of times the Government has failed to comply with the Act in these types of cases. The Government attempts to minimize the attached cases by arguing that the attached dismissal orders are voluntary dismissals by the Government. The Government concludes that its voluntary dismissals make clear that it is aware of the requirements of the Speedy Trial Act and that there is not a culture of non-compliance. In essence, the Government argues that because it often recognizes its failure to abide by the mandate of the Speedy Trial Act, it should somehow be credited. The argument is unpersuasive. Voluntary dismissals subsequent to Speedy Trial violations do not minimize or eliminate the initial non-compliance. Thus, although the court stops short of finding a "culture of non-compliance," the evidence shows a disturbing trend in the treatment of

---

[7] Defendant also provided an affidavit from the Federal Public Defender, Franny Forsman, stating that the cases provided in support of this position, in terms of absolute numbers, under-represent the number of cases that have resulted in dismissal for the same types of charges. *See* Declaration of Franny Forsman attached as Ex. B to Defendant's Supplemental Points and Authorities (#18).

1  Class A misdemeanors. Combined with the non-serious nature of the charges, this trend supports
2  a finding that the administration of the Speedy Trial Act will not be served by permitting
3  reprosecution.
4      As for the interests in the administration of justice, the court reiterates that these are not
5  serious charges. The public interest in the Government's adherence to the mandates of the Speedy
6  Trial Act for Class A misdemeanors outweighs the public interest in reprosecution in this instance.
7  Dismissal with prejudice will hopefully improve the administration of justice.
8      Based on the foregoing, and good cause appearing therefore,
9      IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#15) is **GRANTED with**
10 **prejudice**.
11     DATED this 19th day of February, 2010.

ROBERT J. JOHNSTON
United States Magistrate Judge